# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AHMED SALAH ABDULLAH,

        Plaintiff,

v.                                Case No. 07-CV-14148-DT

MICHAEL CHERTOFF, et al.,

        Defendants.
                                 /

**OPINION AND ORDER GRANTING IN PART "DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO REMAND"**

Pending before the court is "Defendants' Motion to Dismiss, or in the Alternative, to Remand." Plaintiff Ahmed Salah Abdullah filed a response on December 11, 2007, and the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the following reasons, the court will grant Defendants' motion in part, and remand Plaintiff's application to the United States Citizenship and Immigration Services ("USCIS").

## I. INTRODUCTION

Plaintiff, a lawful permanent resident, filed an application for United States naturalization on December 11, 2003. (Compl. at ¶ 10.) A Detroit District Adjudications Officer interviewed Plaintiff on July 26, 2004. (*Id.* at ¶ 12) Plaintiff passed the English, history and government tests, and was told that he would have to wait for his background check to be completed. (*Id.* at ¶¶ 13-16.) While the USCIS submitted a name check request to the FBI on December 22, 2003, the FBI has not yet completed

1

the name check because the high volume of name check requests has "delayed the processing of regular submissions from USCIS." (Cannon Decl. at ¶ 25, Defs.' Ex. B.) Because of this delay, Plaintiff filed suit under 8 U.S.C. § 1447(b), which provides the court with jurisdiction over Plaintiff's application if it is has been pending for over 120 days after the examination has been completed:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the application resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

## II. DISCUSSION

Defendants filed the present motion to dismiss, claiming that the court does not have jurisdiction to hear the claim under 8 U.S.C. § 1447(b) because Defendants claim that the 120-day period begins to run from the completion of both the interview and the background check. Because the background check is not complete, they claim that the 120-period has not yet begun to run. Defendants base their interpretation of the word "examination" on the USCIS's interpretation, the plain language of the statute and the purpose of 28 U.S.C. § 1447. (Def.'s Mot. Br. at 6-16.) This interpretation is also supported, to some extent, by case law. *See, e.g., Danilov v. Aguirre*, 370 F. Supp. 2d 441, 444 (E.D. Va. 2005) (holding that the process of examination is not conducted until both the interview and the background check are completed); *El Kassemi v. DHS*, No. 06-1010, 2006 WL 2938819 (D.N.J. Oct. 13, 2006).

2

Plaintiff conversely contends that "examination" refers to the date the interview was conducted, in this case July 26, 2004. (Pl.'s Resp. at 7.) Because a determination was not made within 120 days of Plaintiff's interview, Plaintiff asserts that this court has jurisdiction over this matter under 8 U.S.C. § 1447(b).

The court has already considered this issue in another similar case, *Garcia-Guerra v. Chertoff*, 06-14243, 2007 WL 1004223, (E.D. Mich. Mar. 30, 2007). In *Garcia-Guerra*, the court reviewed the relevant case law on both sides of the debate, but ultimately concluded with the vast majority of courts, including the unanimous opinion of the judges in this district, that "examination" refers to the date the interview was conducted. *Id.* at *1. The court held:

> The court finds more compelling . . . the line of cases holding that the word "examination" refers to the interview only. The district court in *El-Daour v. Chertoff*, 2005 WL 2106572 at *3 (W.D. Pa. 2005) reasoned that "[t]he statute itself speaks of 'the date on which the examination is conducted' . . . . [t]his contemplates that the examination occurs on a particular, identifiable, date. A 'process' does not occur on one particular and identifiable date." *El-Daour* has been followed by a number of courts, including other courts in this district. *See Mahmood v. Jenifer*, No. 05-40154, 2005 WL 5179153 (E.D. Mich. Nov. 30, 2005); *Zhang v. Chertoff*, No. 05-72121, 2006 WL 4045600 (E.D. Mich. Feb. 1, 2006). The court finds that the "examination" refers to the interview date.

*Id.* Defendants recognize this court's prior opinion, but assert that "the U.S. Attorney is required to advocate its client's national litigation position . . ." (Defs.' Mot. at 1, n.1.) Defendants, however, fail to assert any additional arguments which would persuade the court to reverse course from its earlier position and hold that "examination" refers to the

entire review process, rather than the interview.[1]  Accordingly, consistent with the court's conclusion in *Garcia-Guerra*, the court finds that has jurisdiction over Plaintiff's claim, because over 120 days have passed since Plaintiff's interview on July 26, 2004.

In their motion, Defendants alternatively argue that this case should be remanded to the USCIS for adjudication after the background check has been completed.  (Def.'s Mot. Br. at 18.)  Indeed, even courts that have found that jurisdiction exists have nonetheless determined that remand is proper because "without the criminal background check [], the [c]ourt is not equipped to decide the Petitioner's naturalization application."  *Zhang*, 2006 WL 4045600 at *2 (citing *El-Daour*, 2005 WL 2106572; *Essa v. United States Citizenship and Immigration Services*, 2005 WL 3440827 (D. Minn. 2005)).  As the court found in *Garcia-Guerra*, the court again finds that it "lacks the information to make a proper determination of Plaintiff's immigration application," and "although the application process has been delayed by the FBI name check, the result of this check is an important piece of information for a final determination of Plaintiff's application," and, therefore, remand is proper.  *Garcia-Guerra*, 2007 WL 1004223 at *2 (citing *Mahmood*, 2005 WL 5179153 at *1).

---

[1]Indeed, since the court's March 30, 2007 opinion in *Garcia-Guerra*, additional judges in this district have addressed the issue and similarly concluded that "examination" refers to the date of the interview.  *See, e.g., Issa v. Mueller*, 486 F. Supp. 2d 668 (E.D. Mich. 2007) (Feikens, J.);  *Attisha v. Jenifer*, No. 07-10345, 2007 WL 2637772 (E.D. Mich. Sept. 6, 2007) (Friedman, C.J.); *Ouili v. Dep't of Homeland Security*, No. 07-11749, 2007 WL 2259335, (E.D. Mich. Aug. 2, 2007) (Roberts, J.); *Al-Yasiry v. USCIS.,* 07-11633, 2007 WL 2221397 (E.D. Mich. July 30, 2007) (Edmunds, J.); *Al Basri v. District Director, USCIS-Detroit,* No. 07-10795, 2007 WL 2084099 (E.D. Mich. July 17, 2007) (Gadola, J.); *Al-Mohammed v. USCIS,* No. 07-10732, 2007 WL 2004866 (E.D. Mich. July 9, 2007) (Duggan, J.).

## III. CONCLUSION

IT IS ORDERED that "Defendants' Motion to Dismiss, or in the Alternative, to Remand" [Dkt. # 11] is GRANTED IN PART. This case is REMANDED to the USCIS for a prompt resolution following completion of the background check.

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: December 18, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 18, 2007, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522